# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ANISSA BANKS.,** as **ADMINISTRATOR of the ESTATE OF TRAVIS LATREY BANKS,** | CIVIL ACTION |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| **CITY OF GUNTERSVILLE; JIM PETERSON,** Guntersville Chief of Police; **UNNAMED POLICE OFFICERS A through I** | |
| Defendants. | |

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1.      This is a civil rights survival and wrongful death action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the defendants' deliberate indifference and negligence in failing to ensure necessary emergency treatment for plaintiff's decedent, 32-year-old Travis Banks, while he was suffering from obvious mental and physical distress. As a result of the defendants' failure to use readily available and effective methods to intervene, Mr. Banks died due to cardiac arrest less than thirty hours after he was taken into police custody. Plaintiff Anissa Banks now seeks, on behalf of Mr. Banks's estate and heirs, damages for the substantial pain and suffering, financial losses and loss of life caused by the defendants' conduct.

## II. JURISDICTION

2. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a). Venue is appropriate in this Court as all events complained of occurred in Marshall County, Alabama in the Middle Division of the Northern District of Alabama.

## III. PARTIES

3. Travis Banks (hereinafter, "Mr. Banks" or "Banks"), who was at all times relevant to this Complaint a resident of Cullman County, Alabama, died on July 31, 2021. At the time of his death, he was 32 years old.

4. Plaintiff Anissa Banks, (hereinafter, "plaintiff") is the mother of Travis Banks. On August 25, 2021, plaintiff was appointed as the Administrator of the Estate of Travis Banks by Judge Tammy Brown in the Probate Court of Cullman County. Plaintiff brings this action in her capacity as Administrator of the Estate and for the benefit of Mr. Banks' heirs.

5. Defendant City of Guntersville is a municipal corporation situated in this jurisdiction, and which manages and oversees the Guntersville Police Department and employs defendants Peterson and Unnamed Officers A through I.

6. Defendant Jim Peterson ("Peterson") was at all times relevant the police chief of Guntersville and was acting in that capacity under color of state law. He is sued in his individual capacity.

7. Defendants A through C, the identity and precise number of whom is presently unknown to the plaintiff, were at all times relevant employed as police officers by the city of Guntersville and were present in or near the Guntersville City Jail during all or part of the events

described herein. They were at all times relevant acting under color of state law. They are sued in their individual capacity.

8. Defendants D through F, the identity and precise number of whom is presently unknown to the plaintiff, were at all times relevant employed as police officers or supervisors by the city of Guntersville and had direct responsibility for the supervision, oversight, and/or direction of Defendants A through C during the events described herein. They were at all times relevant acting under color of state law. They are sued in their individual capacity.

9. Defendants G through I, the identity and precise number of whom is presently unknown to the plaintiff, and along with Defendant Peterson, were at all times relevant employed as managerial, supervisory, and policymaking employees of the Guntersville Police Department and/or by the city of Guntersville, and were responsible for making policy and procedures for the operation of the Guntersville Police Department and the management, oversight, and supervision of all employees of the Guntersville Police Department including, without limitation, Defendants A through F. They were at all times acting under color of state law. They are sued in their individual capacity.

10. The identities of Defendants A through I will be ascertainable through reasonable discovery. Plaintiff's lack of knowledge of their identities at this stage is due not only to the fact that the victim of Defendants' conduct, Mr. Banks, is deceased as a result of those very actions, but also because the only video footage of these events is in the possession of Defendants.

### IV. FACTUAL ALLEGATIONS

11. The Guntersville Police Department had been acquainted with Mr. Banks for many years prior to the incident at issue here. The department had arrested or otherwise engaged with Mr. Banks on several prior occasions.

12. In 2018, Mr. Banks was diagnosed with unspecified psychotic disorder and unspecified depressive disorder after he was brought to the hospital when his family called the police for a wellness check.

13. Mr. Banks's mental health history and problems were thus known to the Guntersville Police Department.

14. Mr. Banks also had a history, known to the Guntersville Police Department, of using illegal substances that can greatly affect mood and temperament. He had previously been arrested by the Guntersville Police Department for drug offenses, and had been ordered to undergo a treatment program.

15. At approximately 2:45 a.m. on July 30, 2021, Mr. Banks was taken into custody by the Guntersville Police Department for alleged disorderly conduct.

16. Defendants A through C put Mr. Banks in an isolation cell at the Guntersville City Jail.

17. During the time that Mr. Banks was in isolation, he began running into the walls, banging his head on them and ingesting some of the paint from the walls.

18. At some point, Defendants A through C put Mr. Banks in restraints.

19. On July 31, 2021, sometime between 12:00 a.m. and 3:15 a.m., Defendants A through C brought Mr. Banks to another room, one where he could be watched via a camera.

20. Defendants A through C temporarily released Mr. Banks from his restraints, and shortly after this, Mr. Banks collapsed while in the second room.

21. It is not currently clear how long Mr. Banks was unresponsive before Defendants A through C acted to get him medical care.

22. Defendants A through C did eventually call for medical assistance and began administering CPR.

23. When EMTs arrived at the jail, Mr. Banks had no pulse and was not breathing.

24. Between the time that EMTs arrived at the jail and the time that Mr. Banks arrived at Marshall Medical Center North (MMCN), they performed CPR, intubated him, and administered epinephrine, sodium bicarbonate, oxygen, and intravenous fluids. They also found a very low reading (48) for his glucose level.

25. Mr. Banks arrived at MMCN on July 31, 2021 at 3:47 a.m.

26. When Mr. Banks arrived at MMCN, he was nude and his body was covered in small flecks of pink, white, and blue paint.

27. After significant treatment, including several more doses of epinephrine, numerous other medications given, and many attempts at defibrillation, Mr. Banks was pronounced dead at 4:22 a.m.

28. Mr. Banks' blood work showed that he had had a heart attack and was in acute renal failure.

29. The survival rate of people who are witnessed having a heart attack is higher than 90%.

30. Reasonably trained police officers are aware of the symptoms and indications of mental illness.

31. Reasonably trained police officers are aware of the symptoms and indications of substance abuse and/or withdrawal.

32. Reasonably trained police officers are aware of the symptoms and indications of the acute physical distress of a heart attack.

33. Reasonably trained police officers are aware of the need for someone undergoing either a mental health crisis, substance abuse/withdrawal, and/or a heart attack to urgently obtain medical attention.

34. Additionally, reasonably trained police supervisors are aware of their responsibilities to train police officers to recognize the signs of mental health crises, substance abuse/withdrawal, and a heart attack.

35. Defendant City of Guntersville, as an entity that operates a prison system and police holding cells, is aware of the need to train its employees as described above.

36. The failures of the Defendant Peterson and Defendants A through F to timely provide or seek emergency medical attention for Mr. Banks when he presented with obvious signs of a mental health crisis, substance abuse/withdrawal, and/or a heart attack were due to the failure of defendants City of Guntersville, with deliberate indifference, to establish appropriate policies, practices, procedures, and training regarding the treatment of arrestees suffering from the above.

37. Mr. Banks's death was the direct and proximate result of the actions and inactions of defendants City of Guntersville, Peterson, and Defendants A through F as described above.

38. At all relevant times, defendants City of Guntersville, Peterson, and Defendants A through F were aware of Mr. Banks's serious medical needs and failed, with deliberate indifference, to ensure that Mr. Banks received needed evaluation and treatment.

39. In the alternative, Defendant Peterson and Defendants A through F made an intentional decision with regard to Mr. Banks's medical care which placed Mr. Banks at substantial risk of suffering serious harm. These defendants did not take reasonable available measures to abate that risk, even though a reasonable police officer in the circumstances would have

appreciated the high degree of risk involved, thereby making the consequences of the defendants' conduct obvious.

40. At all times relevant to this Complaint, the conduct of all defendants was in willful, reckless, and callous disregard of Mr. Banks's rights under federal and state law.

41. As a direct and proximate result of the conduct of all defendants, Mr. Banks experienced enormous physical and emotional pain and suffering.

**42.** As a direct and proximate result of the conduct of all defendants, Mr. Banks was caused to lose his life and thereby caused to suffer complete loss of earnings and earning capacity.

43. Within six months of the date of the actions made the basis of this claim, the City of Guntersville was given notice of the potential claims made the basis of this lawsuit and Plaintiff otherwise filed a notice with the City of Guntersville in compliance with Section 11-47-23 and 11-47-192 of the Code of Alabama.

## V.  CLAIMS FOR RELIEF

### COUNT I
### § 1983 – Inadequate Medical Care
### Plaintiff v. Defendants Peterson and A through I

44. Plaintiff adopts and incorporates by reference paragraphs 1-43 of this complaint.

45. Defendant Peterson and Defendants A through I were deliberately indifferent to Mr. Banks's serious medical needs and thereby violated Mr. Banks's right to due process of law under the Fourteenth Amendment to the United States Constitution. Because Mr. Banks was a pretrial detainee, this claim is governed under the Fourteenth Amendment rather than the Eighth, but the standard for deliberate indifference to medical need is identical in the Eleventh Circuit.

**WHEREFORE**, Plaintiff seeks the following relief:

A.  Such compensatory and punitive damages as a jury may award;

B.  Pursuant to 42 U.S.C. §1988, her costs and reasonable attorney fees for pursuing this action; and

C.  Such other, further and different relief as to which she may be entitled.

## COUNT II
### § 1983 – Deprivation of Life
### Plaintiff v. Defendants Peterson and A through I

46.  Plaintiff adopts and incorporates by reference paragraphs 1-43 of this complaint.

47.  The violations of Mr. Banks's right to adequate medical care under the Fourteenth Amendment to the United States Constitution led directly to and resulted in Mr. Banks's death, a deprivation of life under the Fourteenth Amendment without due process of law.

**WHEREFORE**, Plaintiff seeks the following relief:

A.  Such compensatory and punitive damages as a jury may award;

B.  Pursuant to 42 U.S.C. §1988, her costs and reasonable attorney fees for pursuing this action; and

C.  Such other, further and different relief as to which she may be entitled.

## COUNT III
### § 1983 – Supervisory Liability
### Plaintiff v. Defendants Peterson and D through I

48.  Plaintiff adopts and incorporates by reference paragraphs 1-43 of this complaint.

49.  Defendants D through F, if actually present and/or if obligated to be present at or monitoring the Guntersville City Jail at any time during the events described herein, had a duty to intervene and exercise appropriate command functions if a pretrial detainee's constitutional rights were being violated. They did not do so.

50. Defendants Peterson and D through I had a duty to satisfactorily and adequately train subordinates to recognize, guard against, avoid, and prevent constitutional violations. They did not do so.

51. Defendants Peterson and G through I had a duty to adopt policies and procedures within Guntersville City Jail that are adequate to provide pretrial detainees with appropriate monitoring of health conditions and with appropriate medical care should that become necessary. They did not do so.

52. The defendants' above violations of their various duties of care to Mr. Banks was a direct and proximate cause and a substantial factor in bringing about Mr. Banks's damages as outlined above, and, as a result, defendants are liable to plaintiff.

**WHEREFORE**, Plaintiff seeks the following relief:

A. Such compensatory and punitive damages as a jury may award;

B. Pursuant to 42 U.S.C. §1988, her costs and reasonable attorney fees for pursuing this action; and

C. Such other, further and different relief as to which she may be entitled.


## COUNT IV
### State Law – Negligence
### Plaintiff v. Defendants A through C

53. Plaintiff adopts and incorporates by reference paragraphs 1-43 of this complaint.

54. Defendants A through C owed a duty of care to Mr. Banks due to his status as a pretrial detainee in a jail that they were overseeing.

55. Defendants A through C breached this duty of care by neglecting to provide Mr. Banks with adequate medical care within a reasonable amount of time.

56. This breach of duty led actually and proximately to Mr. Banks's death.

WHEREFORE, Plaintiff seeks the following relief:

A. Such compensatory and punitive damages as a jury may award;

B. Pursuant to 42 U.S.C. §1988, her costs and reasonable attorney fees for pursuing this action; and

C. Such other, further and different relief as to which she may be entitled.

## COUNT V
### State Law – Negligent Supervision and Training
### Plaintiff v. Defendants Guntersville, Peterson, and D through I

57. Plaintiff adopts and incorporates by reference paragraphs 1-43 of this complaint.

58. Defendants D through F, if actually present and/or if obligated to be present at or monitoring the Guntersville City Jail at any time during the events described herein, had a duty to intervene and exercise appropriate command functions if a pretrial detainee's constitutional rights were being violated. They did not do so.

59. Defendants Peterson and D through I had a duty to satisfactorily and adequately train subordinates to recognize, guard against, avoid, and prevent constitutional violations. They did not do so.

60. Defendants Peterson and G through I had a duty to adopt policies and procedures within Guntersville City Jail that are adequate to provide pretrial detainees with appropriate monitoring of health conditions and with appropriate medical care should that become necessary. They did not do so.

61. The defendants' above violations of their various duties of care to Mr. Banks was a direct and proximate cause and a substantial factor in bringing about Mr. Banks's damages as outlined above, and, as a result, defendants are liable to plaintiff.

62. Defendant Guntersville is liable for the above due to the actions of its employees and its failure to adequately respond to its actual or constructive notice of inadequate supervision and training.

**WHEREFORE**, Plaintiff seeks the following relief:

A. Such compensatory and punitive damages as a jury may award;

B. Pursuant to 42 U.S.C. §1988, her costs and reasonable attorney fees for pursuing this action; and

C. Such other, further and different relief as to which she may be entitled.

## COUNT V
### State Law – Municipal Liability
### Plaintiff v. Defendant City of Guntersville

63. Plaintiff adopts and incorporates by reference paragraphs 1-43 of this complaint.

64. Ala Code 11-47-190 states:

> "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways, or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness, or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured. However, no recovery may be had under any judgment or combination of judgments, whether direct or by way of indemnity under Section 11-47-24, or otherwise, arising out of a single occurrence, against a municipality, and/or any

11

> officer or officers, or employee or employees, or agents thereof, in excess of a total $100,000 per injured person up to a maximum of $300,000 per single occurrence, the limits set out in the provisions of Section 11- 93-2 notwithstanding."

65. To be certain, the actions of the individual defendants including Defendant Shipley, Defendant Derzis and Defendants "B" through "D" reflected or otherwise demonstrated neglect, carelessness and/or unskillfulness.

**WHEREFORE**, plaintiff seeks the following relief:

A. Such compensatory and punitive damages as a jury may award;

B. Pursuant to 42 U.S.C. §1988, her costs and reasonable attorney fees for pursuing this action; and

C. Such other, further and different relief as to which she may be entitled.

### VI.  PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests the following relief:

A. That this Court render a judgment finding the Defendants liable for the aforementioned causes of action;

B. That this Court issue an order requiring the Defendants to pay the Plaintiff an award of damages to compensate emotional, physical, and psychological injury;

C. An award of punitive damages;

D. That this Court issue an order requiring the Defendants to pay for all litigation costs, expenses, and reasonable attorney's fees associated with the filing of this action pursuant to 42 U.S.C. §1988; and

E. All other relief to which Plaintiff is entitled or that the Court deems just and proper.

                                                */s/ Richard A. Rice*
                                                **RICHARD A. RICE**
                                                **ATTORNEY FOR PLAINTIFF**


                                                */s/ Johnathan F. Austin*
                                                **JOHNATHAN F. AUSTIN**
                                                **ATTORNEY FOR PLAINTIFF**

**OF COUNSEL:**

THE RICE FIRM, LLC
PO BOX 453, Birmingham, AL 35201
P: 205.618.8733
F: 888.391.7193
E: rrice@rice-lawfirm.com

AUSTIN LAW, P.C.
P.O. BOX 321173
BIRMINGHAM, AL 35212
P: 205-538-0169
F: 205-707-1168
E: austin@jaustinlawpc.com

**<u>PLAINTIFFS DEMAND A TRIAL BY JURY</u>**
